IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TYRONE KIRK                      )
                                 )
        Petitioner,               )
                                 )
   v.                            ) Civil Action No. 12-0632
                                 ) Criminal Action No. 08-0102
UNITED STATES OF AMERICA         )
                                 )
        Respondent.               )

MEMORANDUM

Gary L. Lancaster,                              November 16, 2012
Chief Judge.

This is an action to vacate sentence. On July 15, 2009 petitioner Tyrone Kirk pled guilty to one count of distribution of five (5) grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)(iii). On November 6, 2009, this court sentenced petitioner to 60 months incarceration and five years of supervised release with conditions.

On May 11, 2012, petitioner filed the instant pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] In his motion, petitioner argues that the attorney who represented him in federal court, Stephen Begler, provided ineffective assistance of counsel by failing to

---
[1] The court is mindful that a pro se movant cannot be held to the same stringent standards as attorneys. See United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).

properly investigate and advocate for concurrent sentences in state and federal prison, and thus denied his right to counsel guaranteed by the Sixth Amendment to the United States Constitution.

For the reasons set forth below, the motion will be denied without a hearing.[2]

I. BACKGROUND

On October 22, 2008, a federal grand jury charged Tyrone Kirk, in a superseding indictment, with one count of distribution of five grams or more of cocaine base and one count of possession with intent to distribute cocaine base. On July 14, 2009, he pled guilty to Count 1 pursuant to a plea agreement. In the plea agreement, Kirk waived the right to file a motion to vacate sentence under 28 U.S.C. § 2255, as well as "the right to file any other collateral proceeding attacking his conviction or sentence." [Doc. No. 52 (sealed) at p. 3].[3] Kirk

---

[2] A district court is required to hold an evidentiary hearing on a motion to vacate filed under 28 U.S.C. § 2255 "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief..." 28 U.S.C. § 2255(b); United States v. Lilly, 536 F.3d 190, 195 (3d Cir. 2008). Based on a review of the motion, the response and reply thereto, and the record in this case, the court concludes that a hearing is not required here because it is clear that petitioner is not entitled to relief.

[3] All docket references are to Crim. No. 08-102.

signed the agreement on July 14, 2009, with the following acknowledgment:

> I have received this letter from my attorney, Stephen H. Begler, Esquire, have read it and discussed it with him, and I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter, but defense reserves the ability to argue against the crack/powder cocaine disparity.

[Doc. 52 (sealed), p. 7]. On November 6, 2009, this court sentenced Kirk to 60 months incarceration and five years of supervised release for Count 1. Count 2 was dismissed.

On November 9, 2009, Kirk entered guilty pleas in the Allegheny County Court of Common Pleas to charges of homicide by vehicle and accident involving death or personal injury. He was sentenced to 27 to 54 months, to be served concurrently with his federal sentence. Kirk was then taken into state custody.

On January 5, 2012, the Allegheny County Court of Common Pleas held a hearing on Kirk's petition for post-conviction relief, because Kirk asked for review on the issue of concurrent federal and state sentences. At the hearing, Judge Cashman of the Court of Common Pleas confirmed that he intended Kirk's state sentence to be served concurrently to the sentence imposed by this court. [Doc. No. 69, Ex. 1]. According to Kirk, the Bureau of Prisons (the "BOP") concluded that he should not

3

receive any credit towards his federal sentence for the time he spent serving his state sentence, despite the state court order. [Doc. No. 70, p. 7]. However, Kirk provided no documentation regarding the BOP's decision or Kirk's correspondence with the BOP.

II. LEGAL STANDARD

A federal prisoner may move the sentencing court to vacate, set aside, or correct a sentence on the grounds that the sentence was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255(a). A petitioner "is entitled to relief only if he can demonstrate that he is in custody in violation of federal law or the Constitution." Jackson v. United States, No. 07-1525, 2008 WL 5429695, at *10 (W.D. Pa. Dec. 30, 2008) (quoting Hernandez v. United States, No. 07-752, 2008 WL 3843510, at *2 (D.N.J. Aug. 14, 2008)).

A petitioner bears the burden of establishing his entitlement to section 2255 relief. United States v. Davies, 394 F.3d 182, 189 (3d Cir. 2005). Relief under section 2255 is "generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." United States v. Gordon, 979 F. Supp. 337, 339 (E.D. Pa. 1997) (citing Hill v.

4

United States, 368 U.S. 424, 428 (1962)). Moreover, as a section 2255 motion to vacate is a collateral attack on a sentence, "a prisoner must clear a significantly higher hurdle than would exist on direct appeal" in order to obtain relief. United States v. Bohn, No. 92-61-02, 1999 WL 1067866, at *3 (E.D. Pa. Nov. 9, 1999) (quoting United States v. Frady, 456 U.S. 152, 166 (1982)).

III. DISCUSSION

Kirk seeks, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. Kirk's primary argument is that his counsel was ineffective for failing to investigate legal strategies to obtain concurrent state and federal sentences, for failing to inform him that the sentences would not run concurrently, and for failing to argue to this court that Kirk's federal sentence should be ordered to run concurrently with the state sentence. The government argues that petitioner's motion should be dismissed because he knowingly and voluntarily waived his right to file a motion to vacate sentence pursuant to a plea agreement, and because his claim is time-barred. The government also contends that Kirk's ineffective assistance of counsel argument is not meritorious. Because the court finds that Kirk waived his right to file a motion to correct his sentence under section 2255, and that Kirk has not exhausted his administrative

5

remedies with respect to another possible claim, Kirk's motion will be denied.

A. Waiver

The U.S. Court of Appeals for the Third Circuit has held that waivers of appellate and collateral rights in plea agreements will be enforced "provided that they are entered into knowingly and voluntarily and their enforcement does not work a miscarriage of justice." United States v. Mabry, 536 F.3d 231, 237 (3d Cir. 2008). The court of appeals has stated that district courts have an "independent obligation to conduct an evaluation of the validity of a collateral waiver." Mabry, 536 F.3d at 238.

The district court must first review the sufficiency of the plea agreement to determine whether the collateral waiver was knowing and voluntary. Id. Kirk specifically waived his right to file a motion to vacate sentence under section 2255 in his plea agreement. The plea agreement stated plainly: "Tyrone Kirk further waives the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence . . .". [Doc. No. 52 (sealed), p. 3]. Kirk signed the plea agreement, affirming that he had read and discussed the agreement with his counsel. [Doc. No. 52 (sealed), p. 7]. The court finds that the terms of Kirk's plea agreement were

6

sufficient and clear with respect to his collateral attack waiver.

Kirk does not argue that his counsel was ineffective in negotiating or explaining the plea agreement, and presents no evidence suggesting that his acceptance of the agreement was anything but knowing and voluntary. Therefore, we find that Kirk's guilty plea and waiver of his right to file a motion under section 2255 was knowing and voluntary.

However, the analysis does not end with the conclusion that the plea agreement was knowing and voluntary. The court of appeals instructs the court to "look to the underlying facts to determine whether a miscarriage of justice would be worked by enforcing the waiver." Mabry, 536 F.3d at 243. Additionally, the court must consider "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result[.]" Id. at 242-243 (citations and quotations omitted).

Here, Kirk's counsel did not err in failing to urge the court to order his federal sentence to run concurrently to a not-yet-imposed state sentence, because at the time of the sentencing, the court's power to do so was limited under

7

governing law. First, the sentencing guideline providing for concurrent sentences was not triggered when this court sentenced Kirk, because he was not yet subject to an undischarged term of imprisonment in state court. See U.S. Sentencing Guideline Manual § 5G1.3(c) (2011) (allowing a sentence to be imposed as running concurrently, partially concurrently, or consecutively to a prior undischarged term of imprisonment). Second, the U.S. Supreme Court only recently acknowledged the power of a federal judge to order a federal sentence to run concurrently or consecutively to a state sentence that has not yet been imposed; historically the circuit courts of appeals were divided on the issue. See Setser v. United States, 132 S.Ct. 1463, 1468 (2012) (holding that district courts have sentencing discretion with respect to an anticipated but not-yet-imposed state sentence);[4] Fegans v. United States, 506 F.3d 1101, 1104 (8th Cir. 2007) (describing the circuit split). At the time of Kirk's sentencing, the Court of Appeals for the Third Circuit had

---

[4] Interpreting section 3584(a), the Supreme Court held that a federal sentencing judge may order that a federal sentence be consecutive to an anticipated, but not yet imposed, state sentence. Setser v. United States, 132 S.Ct. 1463, 1473 (2012). Although the facts presented to the Court in Setser did not involve a federal order for concurrent sentences, the Court's analysis implies that a federal judge also has the power to order a federal sentence to run concurrently with a not-yet-imposed state sentence. See id. at 1468 ("We find nothing in the Sentencing Reform Act, or in any other provision of law, to show that Congress foreclosed the exercise of district courts' sentencing discretion [when a district court sentences prior to a state court.]").

8

effectively granted the power to answer the concurrent-consecutive question in this situation to the BOP.[5] See Barden v. Keohane, 921 F.2d 476, 478 n.4 (3d Cir. 1991). Even now, assuming the power to order a federal sentence to run concurrently or consecutively with a not-yet-imposed state sentence does lie within the court's discretion following Setser, we find no authority requiring the exercise of such power. In addition, Kirk's counsel's recommendation that Kirk be sentenced in federal court before the imposition of a state sentence, to avoid triggering an increase in Kirk's criminal history category, was reasonable. No miscarriage of justice will be worked by enforcing the waiver.

Therefore, the court will enforce Kirk's waiver of his right to challenge his sentence pursuant to section 2255. Kirk's challenge to his sentence based on the actions of his counsel during federal sentencing falls within his waiver.

---

[5] Under 18 U.S.C. § 3621, the BOP has the authority to designate the "place of imprisonment" for a federal prisoner. The statute identifies five factors for the BOP to consider when determining whether a facility is "appropriate and suitable". 18 U.S.C. § 3621(b). Time in state incarceration can be credited against a prisoner's federal sentence if the BOP, nunc pro tunc, designates the state facility as the facility where the prisoner served a portion of his federal sentence. Barden v. Keohane, 921 F.2d, 476, 480 (3d Cir. 1991); Setser, 132 S.Ct. at 1467-68. Effectively, this gives the BOP discretion to decide whether the sentences are served concurrently (when credit is granted) or consecutively (when credit is not granted).

B. Challenge to Execution of the Sentence

Although Kirk did not specifically articulate 28 U.S.C. § 2241 as an alternative basis of relief for his claim, the court construes pro se motions liberally. United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007). Therefore, the court will also consider whether Kirk has asserted a viable claim for relief under section 2241.

Kirk has framed his motion as a claim of ineffective assistance of counsel. However, Kirk's underlying claim seems to be that the BOP erroneously refused to designate the state facility where he served his state sentence as a federal facility, effectively making the two sentences consecutive rather than concurrent. This claim challenges the execution, rather than the substance, of his sentence, and is properly construed as a habeas petition under section 2241. United States v. Eakman, 378 F.3d 294, 297 (3d Cir. 2004); United States V. Zwick, No. 10-1449, 2011 WL 666182, at *13 (W.D. Pa. Feb. 14, 2011). Kirk is presently confined at Federal Corrections Institution McKean, in northwest Pennsylvania, which is within the Western District of Pennsylvania. Therefore, this court is the proper venue for a habeas petition under section 2241. 28 U.S.C. § 2241(a).

The court notes, as a preliminary matter, that Kirk's plea agreement included a waiver of "the right to file any other

collateral proceeding attacking his conviction or sentence." [Doc. No. 52 (sealed), p. 3]. Because a challenge brought under section 2241 is within the "conventional understanding of 'collateral attack'", Kirk may have also waived his right to challenge the execution of his sentence under section 2241. See United States v. Penn, No. 08-224, 2012 WL 3017865, at *4 (W.D. Pa. July 23, 2012) (quoting United States v. Chavez-Salais, 337 F.3d 1170, 1172 (10th Cir. 2003)). However, Kirk's claim here is not an attack on his conviction or sentence per se, but rather an attack on the BOP's decisions regarding execution of his sentence. Therefore, the court will assume, without deciding, that the plea agreement is not a bar to Kirk's habeas petition.

At this time, however, the court must deny the habeas petition because Kirk has not demonstrated that he has exhausted his administrative remedies through the BOP. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996) (federal prisoners must exhaust their administrative remedies before petitioning for a writ of habeas corpus under section 2241); 28 C.F.R. § 542.10 et seq. (2011) (Bureau of Prisons Administrative

Remedy Program).[6] Without any record of Kirk's interactions with the BOP about the issue of facility designation, the court cannot confirm that Kirk appealed the BOP's decision administratively. If Kirk exhausts his administrative appeals, and subsequently petitions the court for a writ of habeas corpus pursuant to section 2241, the court expresses no view on whether such a proceeding would be successful.

## C. Certificate of Appealability

A court should issue a certificate of appealability for a final order in a proceeding under section 2255 where a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also 3d Cir. L.A.R. 22.2 (2008) (stating that "[i]f an order denying a petition ... under § 2255 is accompanied by an opinion ... it is sufficient if the order denying the certificate [of appealability] references the opinion ...."). A petitioner meets this burden by showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Kirk has not shown that reasonable jurists would find

---

[6] A state court determination that a state sentence should run concurrently to a pre-imposed federal sentence is not binding on federal authorities. Barden, 921 F.2d at 478 n.4. As discussed supra, in note 5, the BOP will decide whether to designate the state facility as the place of federal confinement, nunc pro tunc, pursuant to 18 U.S.C. § 3621.

this court's assessment of his constitutional claim debatable. Thus, the court will deny a certificate of appealability.

IV. CONCLUSION

Based on the foregoing, this court will deny petitioner's section 2255 motion, without prejudice to his right to challenge the execution of his sentence under 28 U.S.C. § 2241.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TYRONE KIRK,          )
                      )
       Petitioner,    )
                      )
   v.                 )   Civil Action No. 12-0632
                      )   Criminal Action No. 08-0102
UNITED STATES OF AMERICA )
                      )
       Respondent.    )

ORDER

AND NOW, this 16 day of November, 2012, IT IS HEREBY ORDERED that petitioner's motion to vacate, set aside, or correct sentence [Crim. No. 08-0102, at Doc. No. 69] is DENIED without prejudice to his right to challenge the execution of his sentence under 28 U.S.C. § 2241.

IT IS FURTHER ORDERED that a Certificate of Appealability SHOULD NOT ISSUE with respect to the court's order dismissing petitioner's section 2255 motion, for the reasons set forth in the accompanying opinion.

*[signature]* C.J.

cc: All Counsel of Record

Tyrone Kirk, pro se (No. 09989-068)
Federal Correctional Institution McKean
P.O. Box 8000
Bradford, PA 16701

1